OPINION
Appellant, Stacy A. Smith, appeals from the August 14, 2001 judgment entry of the Franklin County Court of Common Pleas granting partial summary judgment in favor of defendant-appellee, Universal Underwriters Insurance Company ("Universal"). For the reasons that follow, we reverse the judgment of the trial court.
This is an underinsured motorist case involving the coverage limits available to appellant. On February 6, 2000, appellant was involved in a motor vehicle accident that occurred between plaintiff Theodore M. Edstrom and defendant Kelvin L. Aaron. Appellant was a passenger in a demonstrator vehicle owned by Honda East, insured by Universal, and operated by Edstrom, an employee of Honda East.
The Universal policy was issued on June 1, 1999, and contained uninsured ("UM") and underinsured ("UIM") coverage. The Universal policy provided $500,000 in liability coverage, and the president of Honda East selected $500,000 UM/UIM coverage for designated individuals, and lesser amounts of coverage for all others. Appellant, who was an insured because she was an occupant of a covered auto, was covered in the amount needed to comply with the minimum limits provision of the financial responsibility law in the jurisdiction where the accident took place. In Ohio, that limit is $12,500.
Appellant brought a declaratory judgment action contending that she also was entitled to $500,000 in UIM coverage. Appellant contended that there had not been a valid offer and rejection of UM/UIM coverage and, accordingly, by operation of law, she was entitled to UIM coverage in an amount equal to the liability limits of the policy.
Universal responded that under the version of the UM statute in effect for the policy period, the written rejection by the president of Honda East established a presumption that a valid offer of UM/UIM coverage was made.
Under that version of the statute, R.C. 3937.18 provided in pertinent part:
 (C) The named insured or applicant may reject or accept both [UM/UIM] coverages * * * or may alternatively select both such coverages in accordance with a schedule of limits approved by the superintendent [of insurance] * * *. A named insured's or applicant's written, signed rejection of both coverages * * * or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with [the statute], and shall be binding on all other named insureds, insureds, or applicants.
Universal argued that the written rejection of the full amount of UIM coverage created a presumption that an offer of UM/UIM coverage was made to the president of Honda East and that the president's selection of lower limits of UIM coverage was therefore binding on appellant. While admitting that the presumption existed, appellant argued that the amended statute did not eliminate the need for an offer that needed to conform to the requirements of Linko v. Indemn. Ins. Co. of N. Am. (2000),90 Ohio St.3d 445. Appellant argued that Universal's offer did not include price terms and was therefore invalid pursuant to Linko.
The trial court held that Linko was inapplicable since that case dealt with a prior version of the statute that did not include the language about the presumption that an offer was made. The trial court then went on to find that appellant had failed to point to any evidence that would rebut the presumption that a legally sufficient offer was made, and, accordingly, held that there was a sufficient offer and rejection of UIM coverage equal to the liability coverage of the Universal policy.
On appeal, appellant raised the following assignment of error:
 The Trial Court erred to the substantial prejudice of Plaintiff-Appellant Stacy A. Smith in entering partial summary judgment for Defendant-Appellee Universal Underwriters Insurance Company declaring that underinsured motorist limits were less than liability coverage limits when there had not been a valid offer and rejection of underinsured motorist coverage equal to liability coverage.
As to appellant's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. [See Dresher; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.]
In Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, paragraph one of the syllabus, the Ohio Supreme Court held that "[t]here can be no rejection pursuant to R.C. 3937.18(C) absent a written offer of uninsured motorist coverage from the insurance provider." In discussing Gyori, the Ohio Supreme Court stated, "Gyori stands for the proposition that we cannot know whether an insured has made an express, knowing rejection of UIM coverage unless there is a written offer and written rejection. It only follows that a valid rejection requires a meaningful offer, i.e., an offer that is an offer in substance and not just in name." Linko at 449. The Ohio Supreme Court went on in Linko to further refine the requirements for a valid rejection of uninsured motorist coverage. In Linko, the Ohio Supreme Court held that, in order for a rejection of UM/UIM coverage to be valid, there must be a meaningful offer, one that contains a brief description of the coverage, the premium for that coverage, and an express statement of the UM/UIM coverage limits. Id.
As discussed above, in 1997, the General Assembly amended R.C. 3937.18(C) to create a presumption of an offer if the insured signed a written rejection of UM/UIM coverage or selected coverage in lesser amounts. Thus, we must analyze the effect of the presumption on the form signed by the president of Honda East.
Evid.R. 301 governs the effect of a presumption on the allocation of the burden of proof in civil actions and provides the general rule that is used unless the General Assembly provides otherwise. It states:
 In all civil actions and proceedings not otherwise provided for by statute enacted by the General Assembly or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast.
A presumption shifts the evidentiary burden of producing evidence to the party against whom the presumption is directed; it does not alter the burden of proof, which remains the same throughout the case. Horsley v. Essman (2001), 145 Ohio App.3d 438, 444. A rebuttable presumption does not carry forward as evidence once the opposing party has rebutted the presumed fact. Id.; Forbes v. Midwest Air Charter, Inc. (1999),86 Ohio St.3d 83. Thus, once the presumption is met with sufficient countervailing evidence, it fails and serves no further evidentiary purpose.
The effect of the presumption in R.C. 3937.18(C) is to shift to the claimant the initial burden of coming forth with some evidence to show there has not been a valid offer. In this case, the facts are not in dispute. Universal acknowledged in its response to appellant's motion for summary judgment that its offer did not contain premium information. Universal argues, however, that the requirement in Linko that the offer contain premium information is no longer viable in light of the amended statute. In essence, Universal argues that when the General Assembly enacted the amendments to R.C. 3937.18(C), it largely rejected Gyori, and without the underpinnings of Gyori, the requirements contained in Linko as to what constitutes a meaningful offer are no longer good law. We disagree.
The presumption and the amendments do not eliminate the requirement in Linko that there be a meaningful offer, one that is an offer in substance and not just in name. Id. at 449. In Linko, the Ohio Supreme Court applied the basic law of contracts to determine what constitutes a valid offer of UM/UIM coverage, and found that an offer must describe the coverage, list the premium costs of UM/UIM coverage, and expressly state the coverage limits. Id. In Pillo v. Stricklin (2001), Stark App. No. 2001CA00204, the Fifth District Court of Appeals held that the 1997 Amendments to R.C. 3937.18 did not eliminate the requirements set forth by the Ohio Supreme Court in Linko as to what an offer must contain, and that there were no provisions in H.B. 261 which clarified or modified what the contents of that offer must be. Accord, Raymond v. Sentry Ins. (2002), Lucas App. No. L-01-1357.
Here, appellant has demonstrated, and Universal has not contested, the fact that Universal's offer did not contain premium information. Thus, the election of lower limits for UM/UIM coverage was not valid because the offer was legally inadequate. Without a meaningful offer, there cannot be a valid rejection and, accordingly, UIM coverage arises by operation of law in an amount equal to the policy liability coverage. Abate v. The Pioneer Mut. Casualty Co. (1970), 22 Ohio St.2d 161, paragraph two of the syllabus.
Based on the foregoing, appellant's sole assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.
Judgment reversed and remanded for further proceedings.
TYACK, P.J., and PETREE, J., concur.